IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

v.

**TYRON OFFUTT,**

    **Defendant.**

Case No. 21-CR-30029-SPM

# ORDER

**McGlynn, District Judge:**

Before the Court is Defendant Tyron Offutt's Motion to Suppress Evidence (Doc. 84). The Government filed its response on March 28, 2022 (Doc. 87). For the reasons below, the Court **DENIES** Offutt's Motion.

## PROCEDURAL & FACTUAL HISTORY

On January 27, 2021, an application for search warrant was requested; a supporting affidavit prepared by S/A Derek S. Parker was filed contemporaneously with the search warrant relating to a premises located at 212 N. Cherry Street, Centralia, Illinois.[1] On this same date, the application was granted by Magistrate Judge Gilbert Sison. Shortly thereafter, the Search Warrant was executed and numerous items were seized from the address, including but not limited to a Glock 9mm pistol, a Cobra .38 caliber pistol, firearm ammunition, US Currency, Ice methamphetamine, cannabis, white

---

[1] This action, *to wit* 21-MJ-8023, was suppressed until November 22, 2021, when Magistrate Judge Gilbert Sison entered a Sealed Order authorizing Production of Sealed Documents in Discovery pursuant to Protective Order.

powder and various items of suspected drug paraphernalia (Doc. 84).

On February 4, 2021, Offutt was initially charged by Criminal Complaint, and Affidavit was also prepared by S/A Derek Parker (Doc. 1).[2] On February 11, 2021, Dan Cronin, Federal Public Defender, was appointed to represent Offutt (Docs. 11-12). On February 24, 2021, the Grand Jury indicted Offutt with the following three (3) counts: (1) Possession with intent to distribute controlled substance: methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841 (b)(1)(C); (2) Possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A); and, (3) Distribution of controlled substance: methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841 (b)(1)(B)(viii) (Doc. 23).

On September 16, 2021, AFPD Cronin moved to withdraw, citing "a conflict of interest" and "a resulting breakdown in communication (Doc. 45). On September 17, 2021, the Court appointed CJA Panel Attorney Rebecca Grosser to represent Offutt (Doc. 46). On September 22, 2021, the Grand Jury issued a superseding indictment that contained the initial three counts, as well as an additional count of distribution of controlled substance: methamphetamine (Doc. 48).

On March 24, 2022, Offutt moved to suppress the evidence obtained during the search arguing that the Search Warrant was unconstitutionally

---

[2] See 21-MJ-8040

defective because of the inconsistent address[3] as well as evidence obtained during a traffic stop on February 3, 2021 (Doc. 84). The government contends that the Motion is both untimely and without merit (Doc. 87).

## LAW AND ANALYSIS

The Court will consider Offutt's Motion, although tardy[4], given the change in counsel, the superseding indictment, as well as discussion at the pretrial conference outside the presence of the government. The Court is constrained to note that Offutt did not file a memorandum of law supporting his Motion to Suppress, which is contrary to the pretrial Order as well as Local Rule 7.1, which states in pertinent part, "Motions … to suppress … shall be supported by a brief." SDIL-LR 7.1 (c). In any event, the Motion lacks merit.

### I.     Premises

The Fourth Amendment requires that a warrant "particularly describ[e] the place to be searched". U.S. Const. amend. IV. "[T]he 'manifest purpose' of the requirement is to prevent 'the wide-ranging exploratory searches' that the Framers faced and to limit each search 'to the specific areas and things for which there is probable cause.' " *United States v. Kelly*, 772 F.3d 1072, 1081 (7th Cir. 2014) (quoting *Maryland v. Garrison*, 480 U.S. 79, 84 (1987)). The Supreme Court has mandated "strict adherence to that command" using the *exclusionary*

---

[3] The Search Warrant premises was identified 212 North Cherry Street while defendant resided at 212 ½ North Cherry Street.
[4] On March 22, 2021, Magistrate Judge Beatty entered an Order regarding Pretrial Discovery and Motion Practice wherein paragraph 6 contained the following language: "If a party desires to file any other motion, **including a motion to dismiss the indictment or a motion to suppress**, the motion shall be filed within 42 days of the arraignment and supported by a memorandum of law." (Doc. 34).

*rule*: "a clear, specific, and constitutionally required—even if judicially implied—deterrent safeguard without insistence upon which the Fourth Amendment would have been reduced to 'a form of words.' " *Mapp v. Ohio*, 367 U.S. 643, 49 (1961) (quoting *Silverthorne Lumber Co. v. United States*, 251 U.S. 385, 392 (1920)).

Not every error in a warrant, however, will lead to the suppression of evidence. Rather, a description in a warrant is sufficient so long as the executing officer "can, with reasonable effort ascertain and identify the place intended." *Steel v. United States*, 267 U.S. 498, 503 (1925). In other words, "minor technical errors or omissions do not automatically invalidate a warrant so long as there is no danger that the officers might inadvertently search the wrong place." *Kelly*, 772 F.3d at 1081. That risk is greatly reduced when the affiant to a warrant-complaint is also the executing officer. *See, e.g.*, *United States v. Hutchings*, 127 F.3d 1255, 1260 (10th Cir. 1997) (considering "the executing officers' knowledge of the place to be searched in determining the adequacy of a warrant's description" and concluding that the warrant, which accurately described the defendant's property but misidentified the address, was sufficient); *Bonds v. State*, 403 S.W.3d 867, 877 (Tex. Crim. App. 2013) (holding that, where address in search warrant fit a nearby residence but most of the detailed list of descriptive factors fit the house searched, the officer who "was both the affiant and participated in the warrant's execution" had "familiarity with the location to be searched" and thus could determine which

of the two places was intended).

In this case, the Search Warrant identifies the premises known as:

> "THE RESIDENCE LOCATED AT 212 N CHERRY STREET, CENTRALIA, ILLINOIS, 62801, MARION COUNTY. FURTHER DESCRIBED AS A TAN 2-STORY FAMILY RESIDENCE WITH A DETACHED GARAGE. MARION COUNTY PARCEL # 14-00-050-680" (SEALED Doc. 88).

A photograph is provided showing the two-story premises located at 212 North Cherry Street (Id.). The Affidavit attached to the Complaint further specifies in Paragraph 3,

> "Since December 2020, CS#1 conducted three (3) controlled purchases of ounce quantities of crystal methamphetamine (ICE) from T. OFFUTT at 212 North Cherry Street, Centralia, Illinois. T. OFFUTT shares this rental property with his sister, Brandy Offutt, who lives on the main level. T OFFUTT has living quarters upstairs and lists his address for the United States Postal Service (USPS) as 212 ½ North Cherry, Centralia, Illinois. The Marion County Assessor's Office list the parcel address as 212 North Cherry Street, Centralia, Illinois. The electric utilities are turned on in T. OFFUTT's name at 212 North Cherry Street, Centralia, Illinois." (Doc. 1, p. 3).

Although the Search Warrant identified the premises as 212 North Cherry Street and Offutt used 212 ½ as his USPS mailing address, the premises was just one parcel and there was no risk that S/A Parker would search the wrong place. He was, after all, both the affiant of the Complaint and the executor of the Search Warrant— he knew that Offutt's living quarters were on the second floor of the rental property. It is clear that the description of the premises as two-story was accurate and the photograph accurately depicted said premises. Furthermore, a photograph depicts the interior stairwell that links the first and second floors. Despite the alleged ambiguity, there is no merit to the argument that the wrong location was searched by

mistake.

## II. Vehicle

Offutt next argues that any evidence obtained during a traffic stop should be suppressed; however, this argument, too, is unsubstantiated and lacks merit (Doc. 84). On February 3, 2021, law enforcement officers arrived at 212 North Cherry, Centralia, Illinois, to execute the aforementioned search warrant that contained the Affidavit of S/A Parker regarding illegal drug transactions by Offutt as probable cause for the search of the premises. At that time; however, Offutt entered a vehicle and fled the scene, which resulted in a chase that was caught on camera. Once stopped, Offutt was taken into custody.

While it is true that warrantless searches are *per se* unreasonable under the Fourth Amendment, there are a few well-established exceptions. *Arizona v. Gant*, 556 U.S. 332, 338 (2009); *United States v. Harris,* 791 F.3d 772, 777 (7th Cir. 2015). Indeed, two such exceptions are applicable in this case: searches predicated on the "search incident to arrest" theory and those predicated on the "automobile exception". *United States v. Edwards*, 769 F.3d 509, 514 (7th Cir. 2014). These exceptions "are interrelated, but not identical." *Id.* "The suspicion required for a vehicle search incident to arrest ... is keyed to the offense of arrest; the automobile exception is not tied to an arrest." *Id.*

Under *Gant*, a search of a vehicle incident to an arrest is permitted when "it is *reasonable to believe* the vehicle contains evidence of the offense of arrest." 556 U.S. at 346, 351 (emphasis added). The automobile exception, by contrast, clearly requires

probable cause that the vehicle contains evidence of criminal activity. *Edwards*, 769 F.3d at 514. Under the automobile exception, "where there is probable cause to believe that a vehicle contains contraband or evidence of a crime, law enforcement may conduct a warrantless search of the vehicle." *United States v. Zahursky,* 580 F.3d 515, 521 (7th Cir.2009). Probable cause exists where, based on a totality of the circumstances, "there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Id.* (quoting *Illinois v. Gates,* 462 U.S. 213, 238, (1983)). Law enforcement officers may draw reasonable inferences from the facts based on their training and experience. *Zahursky,* 580 F.3d at 521.

In this case, a set of scales was observed in Offutt's vehicle. Additionally, the officers were on their way to execute a search warrant involving illegal narcotic drug transactions. Moreover, Offutt had fled the premises where the warrant was to be executed, and juries are permitted to consider flight as evidence of consciousness of guilt. *United States v. Brown,* 973 F.3d 667, 695 (7th Cir. 2020). Under these circumstances, it was reasonable to believe that there would be further evidence of the crime of illegal narcotics sales in the vehicle. *See Zahursky,* 580 F.3d at 521–22 (finding probable cause in support of automobile exception to warrantless search where it was reasonable for officers to believe defendant would leave evidence of his crime in his car).

Indeed, the officers had probable cause to arrest Offutt for the crime of illegal drug transactions. As such, they were permitted to search the vehicle incident to arrest because, given the view of the scales, the officers could reasonably believe the

vehicle contained evidence of the offense of arrest. Additionally, the officer also had probable cause to search the vehicle under the automobile exception, given the totality of the circumstances. *United States v. Paige,* 870 U.S. 693, 703 (7th Cir. 2017).

## CONCLUSION

The Court **DENIES** Defendant Tyron Offutt's Motion to Suppress Evidence in its entirety.

**IT IS SO ORDERED.**

**DATED:March 30, 2022**

*/s/ Stephen P. McGlynn*
**STEPHEN P. McGLYNN**
**U.S. District Judge**