# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>TYRON OFFUTT,<br><br>    Defendant. | Case No. 21-CR-30029-SPM |

## MEMORANDUM AND ORDER

**McGlynn, District Judge:**

Before the Court is Defendant Tyron Offutt's Motion to Suppress Recorded Telephone Conversations (Doc. 145). For the reasons set forth below, the Court **DENIES** the motion in its entirety.

### PROCEDURAL HISTORY

On February 4, 2021, Offutt was charged by Criminal Complaint (Doc. 1). The charges were supported by an Affidavit that had been prepared by S/A Derek Parker and which set forth the factual bases for the charges (Doc. 1, pp. 2-6).1

On February 11, 2021, Dan Cronin, Federal Public Defender, was appointed to represent Offutt (Docs. 11-12). On February 24, 2021, the Grand Jury indicted Offutt with the following three (3) counts: (1) Possession with intent to distribute controlled substance: methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841 (b)(1)(C);

---

1 This action, *to wit* 21-MJ-8023, was suppressed until November 22, 2021, when Magistrate Judge Gilbert Sison entered a Sealed Order authorizing Production of Sealed Documents in Discovery pursuant to Protective Order.

(2) Possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A); and, (3) Distribution of controlled substance: methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841 (b)(1)(B)(viii) (Doc. 23).

On September 16, 2021, AFPD Cronin moved to withdraw, citing "a conflict of interest" and "a resulting breakdown in communication (Doc. 45). On September 17, 2021, the Court appointed CJA Panel Attorney Rebecca Grosser to represent Offutt (Doc. 46). On September 22, 2021, the Grand Jury issued a superseding indictment that contained the initial three counts, as well as an additional count of distribution of controlled substance: methamphetamine (Doc. 48).

On October 27, 2021, this matter was set for Jury Trial to commence on April 5, 2022 with the final pretrial conference set on March 14, 2022 (Doc. 62). On February 11, 2022, the government filed three motions in limine, and the defendant was Ordered to file any responses by March 7, 2022 (Docs. 65-67).

On March 14, 2022, the final pretrial conference occurred, and the parties addressed the outstanding motions (Doc. 74). Although there had not been any defenses raised or asserted by defendant and the time had expired within which to file motions, the Court granted defendant 10 days to file any such defenses (Doc. 78).

On March 24, 2022, Offutt moved to suppress the evidence obtained during the search, arguing that the Search Warrant was unconstitutionally defective because of an inconsistent address[2], as well as evidence obtained during a traffic stop on February 3, 2021 (Doc. 84). The government contended that the motion was both untimely and

---

[2] [2] The Search Warrant premises was identified 212 North Cherry Street while defendant resided at 212 ½ North Cherry Street.

without merit (Doc. 87). On March 30, 2022, this Court denied the motion to suppress in its entirety, issuing an 8-page Order that analyzed its ruling (Doc. 96).

On March 31, 2022, a hearing was held regarding a SEALED motion of defendant, which resulted in an indefinite trial continuance (Doc. 105). On August 31, 2022, this case was set for jury trial on November 1, 2022 with final pretrial conference set on October 5, 2022 (Doc. 119).

On September 14, 2022, the government filed a (Doc. 123) motion in limine seeking to bar Rule 12 defenses, which was virtually identical to a prior MIL that this Court granted on March 14, 2022 as defendant had not raised any Rule 12 defenses (See Doc. 91).

On September 30, 2022, CJRA Counsel filed a motion to withdraw and cited an "unwaivable conflict of interest"[3] (Doc. 128). On October 5, 2022, the Court granted the motion and appointed Bobby Bailey as CJRA counsel (Doc. 130). In light of Mr. Bailey's recent appointment, on October 20, 2022, the Court converted the jury trial that was previously scheduled to begin on November 1, 2022 into a status conference (Doc. 136).

On November 1, 2022, all parties appeared in Court and confirmed availability for final pretrial conference on November 21, 2022 with jury trial scheduled for December 6, 2022 (Doc. 137). On November 21, 2022, the parties again appeared at the final pretrial conference (Doc. 139). At that time, defense counsel sought leave to address suppression issues, which had previously been raised by prior counsel.

---

[3] Although this was Ms. Grosser's first written motion to withdraw, she had previously raised concerns orally at hearings in March and August 2022. Additionally, defendant Offutt requested alternate counsel; however, on March 14, 2022, the Court inquired as to his concerns and he advised the Court that he had no reservations about Ms. Grosser.

On December 4, 2022, defendant filed two motions to suppress, the first to suppress evidence from the search warrant and the second to suppress the recorded conversations (Docs. 144, 145). The government responded to both motions (Docs. 146, 147); however, this Order only addresses the second motion as it summarily denied the first motion for raising identical issues to the previously denied motion (Doc. 148)

## DISCUSSION

Defendant's motion seeks to suppress three separate recorded telephone conversations between defendant and a confidential source that occurred on December 16, 2020, December 22, 2020, and January 21, 2021, respectively (Doc. 145). At first glance, this Court notes that the confidential informant was wearing an audio device, which presumably (s)he consented to wearing. Notwithstanding that the answer seems simple, the Court will analyze further.

Within the most recent motion, defendant first argues that he has an expectation of privacy when he uses his telephone and that there is no evidence that he consented to the recording on December 16, 2020, December 22, 2020, and January 21, 2021 (*Id.*). Defendant further asserts that there is no evidence that the confidential source consented to the recordings (*Id.*).

18 U.S.C. § 1255(2)(c) states,

> "It shall not be unlawful under this chapter for a person acting under color of law to intercept a wire, oral, or electronic communication, where such person is a party to the communication or one of the parties to the communication has given prior consent to such interception. 18 U.S.C. § 1255 (2)(c).

So, this Court must determine whether the confidential informant gave consent to the recordings. In answering this question, the Court looks to the documents on file.

The Affidavit of Derek Parker, which was attached to the Complaint, states that "CS#1 agreed to provide information to FBI agents and officers …" and "CS#1 is currently working for judicial consideration …" (Doc. 1, pp. 2-5). The Affidavit further indicates that "the transactions were audio/video recorded." (*Id.*). At the very least, this Affidavit shows that CS#1 consented to working on this investigation.

In their response to the motion to suppress, which the Court notes was filed less than twenty-four (24) hours after the motion itself and less than twenty-four (24) hours before the beginning of trial, the government completes the answer to the Court's question (Doc. 146). Indeed, the Affidavit of law enforcement officer Jason Herzing confirms that CS#1 consented to the recording of all conversations with defendant, Tyron Offutt (Doc. 146-1). As such, the conversations were made and recorded in compliance with 18 U.S.C. § 2511(2)(c) and suppression is not warranted.

Defendant's second argument is that the Fifth Amendment protects his rights against self-incrimination; however, this argument also fails (*Id.*). The self-incrimination clause of the Fifth Amendment to the U.S. Constitution reads, "No person … shall be compelled in any criminal case to be a witness against himself." *Doe v. United States*, 487 U.S. 201, 207 (1988).

Although defendant cites *Chaves v. Martinez*, 538 U.S. 760 (2003) to support his argument that his Fifth Amendment rights were violated, the government distinguishes the facts in *Chavez* from the present case and points to the Seventh Circuit. This Court concurs that the facts in *Chaves* are not at issue in this matter, and instead, looks to the Seventh Circuit for an analogous position involving a cooperating party who allowed the

government to tap his phone in an effort to obtain incriminating statements from a defendant. *See United States v. Burton*, 724 F.2d 1283, 1288 (7th Cir. 1984). Burton claimed his Fifth Amendment rights were violated; however, the Seventh Circuit determined that the recording "involved no confrontation with governmental authority in the context of a custodial interrogation calling for *Miranda* warnings." *Burton*, 724 F.2d at 1288 *citing U.S. v. Craig,* 573 F.2d 455, 474 (7th Cir. 1977). Indeed, the absence of both custody and direct questioning deprives the claim of a Fifth Amendment violation of all validity. *Id*. Similarly, the recordings in this case did not violate Offutt's Fifth Amendment Rights. They were made with the consent of CI#1 while Offutt was neither in custody nor under interrogation.

## CONCLUSION

For the reasons set forth above, the Court **DENIES** the Motion to Suppress Recorded Telephone Conversations filed by defendant, Tyron Offutt. Accordingly, this case remains set for Jury Trial, beginning on Tuesday, December 6, 2022.

**IT IS SO ORDERED.**

**DATED: December 5, 2022**

/s/ Stephen P. McGlynn
STEPHEN P. McGLYNN
U.S. District Judge