# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 21-CR-30029-SPM |
| TYRON OFFUTT, | |
| Defendant. | |

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Pending before the Court are three motions filed *pro se* by Defendant Tyron Offutt: (1) Motion for Return of Property (Doc. 234), (2) Motion for New Trial pursuant to Rule 33 (Doc. 237), and (3) Motion to Compel the Court to Tender Over Brady, Jencks, Giglio Material (Doc. 238). For the reasons set forth below, all three Motions are **DENIED**.

### FACTUAL & PROCEDURAL BACKGROUND

On February 4, 2021, Defendant Tyron Offutt was charged via Complaint with one count of possession with intent to distribute controlled substance: methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) and one count of possession of a firearm in furtherance of a drug trafficking crime. (Doc. 1). Offutt was later indicted by a grand jury in the Southern District of Illinois (Doc. 25) and a Superseding Indictment was filed on September 22, 2021 that included forfeiture allegations regarding two firearms and $14,079 in U.S. currency (Doc. 48). The U.S. currency was forfeited in another matter, to wit: *United States v. $11,079.00*

*in U.S. Currency and $2,360.00 in U.S. Currency*, No. 21-cv-00844-NJR (S.D. Ill. 2021), and the Government indicated on April 24, 2023 that it was not seeking forfeiture of the firearms and ammunition at issue.[1] (Doc. 173).

After a three-day jury trial, the jury returned a verdict of guilty on all four counts of the Superseding Indictment on December 8, 2022. (*See* Doc. 158). On June 6, 2023, Defendant Offutt was sentenced to 120 months' incarceration as to Count 2 and 300 months each as to Counts 3 and 4 of the Superseding Indictment, with all counts to run concurrently; to 3 years of supervised release as to Count 2 and 4 years each as to Counts 3 & 4 of the Superseding Indictment, with all counts to run concurrently; and was ordered to pay a fine of $300 and a special assessment of $300. (Doc. 194).

The pending Motions were filed on September 2, 15, and 19, 2025, respectively. (*See* Docs. 234, 237, 238). The Government responded in opposition to each. (See Docs. 236, 240, 241).

## ANALYSIS

### I.   Motion for Return of Property

In his Motion for Return of Property, Offutt seeks return of sports collectibles, personal documents including a birth certificate and social security card, business documents for Sleepy's Sports Collections, LLC, a necklace, and a safe. (Doc. 234, p. 1). He also seeks return of some $4,000 in U.S. currency. (*Id.*).

---

[1] The Judgment (Doc. 194) erroneously included the forfeiture of these firearms and ammunition as well as the U.S. currency; it was corrected on March 8, 2024. (Doc. 228).

In their Response, the Government notes that all of the requested items "are neither subject to forfeiture orders nor are they controlled substances" and, therefore, "are available for release to the rightful owner(s)." (Doc. 236, p. 2). Regarding the currency at issue, the Government notes that, subtracting the forfeited amount, *see United States v. $11,079.00 in U.S. Currency and $2,360.00 in U.S. Currency*, No. 21-cv-00844 (S.D. Ill. 2021), Offutt may receive $2,180. (Doc. 236, pp. 2–3). The Government states that Offutt must provide the following to receive his property: (1) a signed statement from each of the three other family members that also resided at the properties at which Offutt's items were seized stating that each does not have interest in the property at issue and (2) a written authorization from Offutt giving permission to the person Offutt designates to receive his possessions. (*Id.*, p. 3). The Government notes that "Mr. Offutt's representative may contact the Fairview Heights Federal Bureau of Investigation, present the requested documentation, and to arrange a mutually agreeable time to retrieve the property." (*Id.*).

Thus, should he wish to obtain his property, Offutt must obtain the required signed statements and provide written authorization to his designated representative, who may then obtain the requested items from the Federal Bureau of Investigation. Therefore, because judicial intervention is not necessary for Offutt to obtain his property, Offutt's Motion for Return of Property shall be denied.

## II.     Motion for New Trial

In his next Motion, Offutt seeks a new trial in accordance with Federal Rule of Criminal Procedure 33 due to what he claims was an invalid arrest warrant, because of the Government's alleged failure to establish the reliability and credibility of its

confidential source, and because of the Government's alleged failure to disclose materially inconsistent testimony and to provide an unredacted warrant. (Doc. 237).

In response, the Government notes that Rule 33 states that a motion for a new trial must be filed "'within 14 days after the verdict or finding of guilty' unless it is grounded on newly discovered evidence, in which case, it 'must be filed within 3 years after the verdict or finding of guilty.'" (Doc. 240, p. 3 (quoting FED. R. CRIM. P. 33(b))). The Government argues that Offutt has not made a viable claim of newly discovered evidence and that his Motion must be dismissed as untimely. (*Id.*, p. 4). The Government points to Seventh Circuit caselaw stating that a Rule 33 motion should only be granted in the "most extreme cases." (*Id.*, p. 3 (quoting *United States v. Linwood*, 142 F.3d 418, 422 (7th Cir. 1998) (citation modified))). They argue that all of Offutt's claims are based on information that was previously available and that each claims has already been considered and denied by this Court, either before or at trial. (*See id.*, pp. 4–6).

"A post-judgment motion resting on newly discovered evidence must show the additional evidence: '(1) was discovered after trial, (2) could not have been discovered sooner through the exercise of due diligence, (3) is material and not merely impeaching or cumulative, and (4) probably would have led to acquittal.'" *United States v. Friedman*, 971 F.3d 700, 715 (7th Cir. 2020) (quoting *United States v. O'Malley*, 833 F.3d 810, 813 (7th Cir. 2016)). "[T]ypically, newly discovered impeachment evidence does not warrant relief under Rule 33." *Id.* (quoting *United States v. Reyes*, 542 F.3d 588, 596 (7th Cir. 2008)). Moreover, "courts have interpreted Rule 33 to require a new trial in a variety of situations in which trial errors or

omissions have jeopardized the defendant's substantial rights." *United States v. Reed*, 986 F.2d 191, 192 (7th Cir. 1993) (citing *United States v. Kuzniar*, 881 F.2d 466, 470 (7th Cir. 1989)).

The Government is correct—*all* of Offutt's arguments were raised previously; his "newly discovered evidence" is merely cumulative of other evidence already presented. *See Friedman* at 715. As the Government notes, this Court addressed each of Offutt's three claims in detail. (*See* Docs. 84, 87, 96. 144, 145, 190; *see also* Doc. 240, pp. 4–6 (citing the same)). Additionally, Offutt has provided zero evidence that his substantial rights were violated at his criminal trial. Therefore, Offutt's Rule 33 Motion is untimely and must be denied.

### III. Motion to Compel the Court to Tender over *Brady*, *Jencks*, *Giglio* Material

In his third Motion, Offutt requests for all of his "Brady, Jencks, and Giglio material" to be forwarded to him so that he can file a § 2255 collateral attack motion. (*See* Doc. 238). The Government argues in opposition that "Offutt provides no legal basis which permits him to seek discovery in a closed, federal case." (Doc. 241 (citing *United States v. Brown*, 2023WL3391473 (7th Cir. 2023)). The Government argues that Offutt "must point to a statute or rule vesting the Court with a source of authority that permits the judge to act" and that, in order to obtain discovery in a § 2255 case, the petitioner "must make a colorable claim of a constitutional violation and show good cause." (*Id.*, p. 2 (first citing *United States v. Scott*, 414 F.3d 815, 816 (7th Cir. 2005); then citing *Hubanks v. Frank*, 392 F.3d 926, 933 (7th Cir. 2004); Rule 6(a) of the Rules Governing Section 2255 Proceedings for the United States District

Courts)). They argue that Offutt's Motion is merely a "fishing expedition." (*Id.* (citing *Famous v. Fuchs*, 38 F.4th 625, 632 n.24 (7th Cir. 2022))).

"A successful *Brady*/*Giglio* claim must meet three criteria": "[t]he evidence in question (1) 'must be favorable to the accused'; (2) 'must have been suppressed by the government'; and (3) 'must be material, that is, there must be a reasonable probability that the suppressed evidence would have produced a different verdict.'" *United States v. Johnson*, 126 F.4th 546, 555–56 (7th Cir. 2025) (quoting *United States v. Morales*, 746 F.3d 310, 314 (7th Cir. 2014) (citing *Strickler v. Greene*, 527 U.S. 263, 281–82 (1999)), *reh'g denied*, No. 21-3345, 2025 WL 579965 (7th Cir. Feb. 21, 2025).

This Court agrees that Offutt has not provided *any* information on the claims he seeks to bring via § 2255 or why good cause exists for the discovery he seeks. His threadbare request for documentation is insufficient. Should he seek discovery, he can file a motion with the cognizant district court showing good cause in accordance with Rule 6(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts. Therefore, without more, his third Motion must be denied.

## Conclusion

Considering the above, Offutt's Motion for Return of Property (Doc. 234), Motion for New Trial pursuant to Rule 33 (Doc. 237), and Motion to Compel the Court to Tender Over Brady, Jencks, Giglio Material (Doc. 238) are all **DENIED**.

**IT IS SO ORDERED.**

**DATED:**   October 8, 2025

s/ *Stephen P. McGlynn*
**STEPHEN P. McGLYNN**
**U.S. District Judge**